Scott M. Grace S.B.N. 236621
Luftman, Heck & Associates, LLP
1958 Sunset Cliffs Boulevard
San Diego, CA 92107
sgrace@lawlh.com
Phone: 619-346-4600
Fax: 619-923-3661

Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

GINA L. CRUMMITT,

Plaintiff,

vs.

FIRST FINANCIAL INVESTMENT FUND V, LLC, and JOHNSON MARK, LLC and DOES 1-10,

Defendants,

Case No.: 2:16-CV-05743

COMPLAINT

DEMAND FOR JURY TRIAL

**INTRODUCTION**

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, GINA L. CRUMMITT, (hereinafter PLAINTIFF) against FIRST FINANCIAL INVESTMENT FUND V, LLC (hereinafter FIRST FINANCIAL), and JOHNSON MARK, LLC (hereinafter JOHNSON MARK), and Does 1-10, for violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), and the California Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

**JURISDICTION AND VENUE**

4. This action arises out of Defendants' violations of the FDCPA under 15 U.S.C. §1692, *et seq.*, and violation of the California Rosenthal Act under Cal. Civ. Code §1788, *et seq.*

5. Jurisdiction arises pursuant to 15 U.S.C. §1692(k)(d), and 28 U.S.C. §1367 for supplemental state claims.

6. As Defendants do business in the state of California, and committed the acts that form the basis for this suit in the state of California, the Court has personal jurisdiction over Defendants for purposes of this action.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391.

**THE PARTIES**

8. Plaintiff is a natural person residing in Ontario, California, and is a consumer within the meaning of 15 U.S.C. §1692a(3) of the FDCPA in that she is a natural person purportedly obligated to pay a credit card debt, allegedly owed to FIRST FINANCIAL (hereinafter "Debt") and a "debtor" as that term is defined by Cal. Civ. Code §1788.2(h) of the California Rosenthal Act.

9. At all times relevant herein, FIRST FINANCIAL was a company engaged, by use of the mails and/or telephone in the business of collecting debts, as defined by 15 U.S.C. §1692a(5) of the FDCPA.

10. At all times relevant herein, JOHNSON MARK was a company engaged, by use of the mails and/or telephone in the business of collecting debts, as defined by 15 U.S.C. §1692a(5).

11. FIRST FINANCIAL regularly attempts to collect debts alleged to be due another and is therefore a "debt collector" within the meaning of 15 U.S.C. §1692a(6) of the FDCPA and Cal. Civ. Code §1788.2(c) of the Rosenthal Act.

12. JOHNSON MARK regularly attempts to collect debts alleged to be due another and is therefore a "debt collector" within the meaning of 15 U.S.C. §1692a(6) of the FDCPA and Cal. Civ. Code §1788.2(c) of the Rosenthal Act.

## FACTUAL ALLEGATIONS

13. JOHNSON MARK, on behalf of FIRST FINANCIAL, caused a Complaint to be filed against Plaintiff on October 8, 2015, in the county of Los Angeles Superior Court, Case No. 15N14959 attempting to collect the alleged debt in an amount of $2,960.22. (EXHIBIT 1)

14. The Complaint filed in Case No. 15N14959 asserts that at some time prior to, but within four years of October 8, 2015, Plaintiff allegedly became indebted to FIRST FINANCIAL "because an account was stated in writing by and between plaintiff and defendant in which it was agreed that defendant was indebted to plaintiff." (See EXHIBIT 1)

15. The Complaint filed in Case No. 15N14959 further asserts that at some time prior to, but within four years of October 8, 2015, Plaintiff allegedly became indebted to FIRST FINANCIAL "for money lent by plaintiff to defendant at defendant's request." (See EXHIBIT 1)

16. The Complaint filed in Case No. 15N14959 further asserts that "before commencement of this action plaintiff informed the defendant(s) in writing if plaintiff commences legal action on this account it could result in a judgment against defendant(s) that would include court costs and necessary disbursements allowed by CCP section 1033(b)(2)." (See EXHIBIT 1)

17. Prior to the filing of the Complaint in Case No. 15N14959, Plaintiff was unfamiliar with either FIRST FINANCIAL or JOHNSON MARK, and does not recognize the alleged account which is the subject matter of the state court action in Case No. 15N14959.

18. Plaintiff further denies that she received the notice referenced in Paragraph #4 of the Complaint in Case No. 15N14959. (EXHIBIT 1)

19. On or about December 14, 2015, Plaintiff became aware of the Complaint filed in Case No. 15N14959, and arranged to take a half day off from work to commute to the Norwalk Courthouse and purchase copies of the Complaint.

20. The false statements contained in the Complaint filed by FIRST FINANCIAL were misleading, and caused Plaintiff to be misled and confused as to the nature of the allegations contained in the complaint filed in Case No. 15N14959.

21. On or about December 14, 2015, despite being confused as to the nature of the alleged debt, and despite being unfamiliar with FIRST FINANCIAL or JOHNSON MARK, Plaintiff was induced to make a payment of $132.00 on the alleged account.

22. On or about January 7, 2016, Plaintiff hired the Law Offices of Luftman, Heck & Associates, LLP, to represent her with respect to Case No. 15N14959.

23. On or about February 19, 2016, FIRST FINANCIAL sent a Discovery Request to Plaintiff's attorney in Case No. 15N14959, which referenced a Household Orchard account ending in 8164. (EXHIBIT 2)

24. Plaintiff is unaware of a Household Orchard account ending in 8164, and no documents were provided by FIRST FINANCIAL to substantiate the existence of the account.

25. Plaintiff thereafter obtained a copy of her credit file in an attempt to identify the alleged debt, but has been unable to identify any Household Orchard accounts in her credit file, or any account with an outstanding balance reflecting the approximate balance claimed by FIRST FINANCIAL in Case No. 15N14959.

26. On or about May 24, 2016, FIRST FINANCIAL filed a Dismissal without Prejudice in Case No. 15N14959.

27. At all times herein, FIRST FINANCIAL and JOHNSON MARK were attempting to collect, from Plaintiff, a debt as defined by 15 U.S.C. §1692a (5) of the FDCPA and a consumer debt as defined by Cal. Civ. Code §1788.2(f) of the Rosenthal Act.

**FIRST CLAIM FOR RELEIF**

**(Violations of the FDCPA)**

28. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

29. FIRST FINANCIAL and JOHNSON MARK violated the FDCPA. The violations include, but are not limited to, the following:

(1) Using false, deceptive, or misleading representations or means in connection with the debt collection in violation of 15 U.S.C. §1692e and e(10) of the FDCPA;

(2) Communicating a false impression of the character, amount, or legal status of the alleged debt in violation of 15 U.S.C. §1692e(2) of the FDCPA;

(3) Communicating information which is known or which should be known to be false in violation of 15 U.S.C. §1692e(8) of the FDCPA;

(4) Using unfair or unconscionable means to attempt to collect the alleged debt in violation of 15 U.S.C. §1692f of the FDCPA;

30. As a result of the Defendant's actions, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs of this action.

**SECOND CLAIM FOR RELEIF**

**(Claim for violations of the Rosenthal Act)**

31. Plaintiff repeats, re-alleges, and incorporates by reference all the allegations contained in the paragraphs above.

32. Defendants' acts and omissions violated the Rosenthal Act including, but not limited to Cal. Civ. Code §1788.17. Defendants' violations of Cal. Civ. Code §1788.17 of the Rosenthal Act (which incorporates several of the provisions of the FDCPA) include, but are not limited to those enumerated in paragraph 29 above.

33. Defendants' violations of the Rosenthal Act were willful and knowing, thereby entitling Plaintiff to statutory damages pursuant to Cal. Civ. Code §1788.30(b) of the Rosenthal Act.

34. As a proximate result of the violations of the Rosenthal Act committed by Defendant, Plaintiff is entitled to any actual damages, statutory damages, reasonable attorney's fees and costs of this action.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and for Plaintiff, and prays for the following relief:

1. An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) of the FDCPA against Defendants and each of them;

2. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) of the FDCPA against Defendants and each of them;

3. An award of actual damages pursuant to Cal. Civ. Code §1788.30(a) of the Rosenthal Act, against Defendants and each of them;

4. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b) of the Rosenthal Act against Defendants and each of them.

5. An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k (a) (3) of the FDCPA against Defendants and each of them.

6. An aware of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c) of the Rosenthal Act, against Defendants and each of them.

9. Such other and further relief this court may deem just and proper.

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: August 2, 2016

Luftman, Heck and Associates
By s/ Scott M. Grace
Attorney for Plaintiff
Email: sgrace@lawlh.com